UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D. G. SWEIGERT,

    Plaintiff,

    v.

MULTIMEDIA SYSTEM DESIGN, INC., ET AL.,

    Defendants.

_____/

Case No. 22-cv-10642

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**ORDER STRIKING FILINGS [ECF NOS. 25, 28, 31, 34-39, 40, 42, 43, 45] FROM NON-PARTY JASON GOODMAN, REQUIRING DEFENDANT MULTIMEDIA SYSTEM DESIGN, INC. TO OBTAIN COUNSEL, PRECLUDING NON-PARTY JASON GOODMAN FROM USING THE *PRO SE* PORTAL IN THESE PROCEEDINGS AND SCHEDULING STATUS CONFERENCE FOR AUGUST 4, 2022 AT 2:00 P.M..**

## I. INTRODUCTION

On May 5, 2022, *pro se* Plaintiff D.G. Sweigert filed his Amended Complaint against Defendants Multimedia System Design, Inc. ("Multimedia"), Odysee Holdings, Inc., and LBRY, Inc. alleging violations of the Lanham Act, 15 U.S.C. § 1501 *et seq.*, and the Federal Trade Commission Act, 15 U.S.C. § 45(a) *et seq*. See ECF No. 11. Plaintiff also alleges state law claims against Defendant Multimedia for violating his right to privacy and false light, infliction of emotional distress, libel, defamation, and "misappropriation of right of publicity." *Id.* Plaintiff seeks equitable and monetary relief.

For the reasons that follow, the Court will strike the filings of non-party Jason Goodman, who is not an attorney and may not represent Defendant Multimedia in these proceedings. *See Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984); *see also Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970) ("An officer of a corporation, who is not a licensed attorney, is not authorized to make an appearance in this Court on behalf of the corporation."). The Court will further require Defendant Multimedia to obtain counsel no later than August 1, 2022.[1] The Court will hold a status conference in this matter on August 4, 2022 at 2:00 p.m.

## II. BACKGROUND

This action relates to a prior lawsuit between Plaintiff's brother, George W. Sweigert, and Jason Goodman, the alleged sole shareholder of Defendant Multimedia.[2] *See* No. 22-cv-10002, *Sweigert v. Goodman*, 2022 U.S. Dist. LEXIS 62432 (E.D. Mich. Apr. 1, 2022). In that case, Plaintiff's brother alleged Mr. Goodman defamed him in filings before this Court in the case: *Sweigert v. CNN, Inc.*, No. 20-cv-12933, 2022 U.S. Dist. LEXIS 50529, at *21 (E.D. Mich. Mar. 21,

---

[1] The remaining corporate defendants, LBRY, Inc. and Odysee Holdings, Inc., have not yet been served with the Summons and copy of the Complaint. If these defendants are served with the Summons and copy of the Complaint, LBRY, Inc. and Odysee Holdings, Inc. must also obtain a licensed attorney to represent them in the instant proceedings.
[2] Plaintiff's Amended Complaint continues referring to Jason Goodman as a defendant, even though Plaintiff did not assert any claims against Mr. Goodman in the Amended Complaint. *See* ECF No. 11.

2022). Specifically, Mr. Goodman's filings sought "to share facts and evidence" about an alleged fraud. *Id.* Plaintiff claims Mr. Goodman, through Defendant Multimedia, made defamatory remarks about him in those July 2021 filings. ECF No. 11, PageID.119. Plaintiff commenced this action in response.

According to the Amended Complaint, Defendant Multimedia is an online media company that posts through affiliated social media accounts. ECF No. 11, PageID.117. On those accounts, Plaintiff contends Defendant Multimedia made remarks about him. *Id.* at PageID.119. For example, Plaintiff and his brother were allegedly called "Super Mario Brothers" in one of Defendants' social media posts. *Id.* These posts garner subscribers who pay to enjoy Defendant Multimedia's content, the Amended Complaint reads, including individuals in Michigan and across the United States. *Id.* at PageID.117.

During the pendency of the prior action between Plaintiff's brother and Mr. Goodman, Mr. Goodman made numerous harassing phone calls to Court personnel, even going so far as contacting court personnel after work hours to lodge complaints about the manner within which *pro se* filings are processed by the Court. *Id.* Mr. Goodman continues to engage in this inappropriate behavior in this case, despite the Court's explicit command that Mr. Goodman stop making harassing phone calls to Court personnel. Additionally, Mr. Goodman has filed documents through the court's *pro se* portal system. However, Mr. Goodman is not a party to the instant

3

lawsuit, and he may not submit filings on behalf of his company, Multimedia, using the *pro se* portal because Multimedia must be represented by counsel in this matter. As such, Mr. Goodman's filings will be stricken.

### III. LAW AND ANALYSIS

The United States courts have long required corporations to retain counsel. *See Osborn v. President, etc., United States Bank*, 22 U.S. (9 Wheat.) 738, 830 (1824) ("A corporation, it is true, can appear only be attorney, while a natural person may appear for himself."); *see also Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015). One of the policy reasons for requiring corporate entities to appear by counsel rather than a non-lawyer is that non-lawyers do not have the legal training necessary to protect the various interests of the corporate entities, as well as due to the resulting burdens imposed on the opposing party as well as the Court. This Court has previously noted that:

> the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities , e.g., to avoid litigating unfounded or vexatious claims.

*Bischoff v. Waldore*, 660 F. Supp. 2d 815 (E.D. Mich. 2009) (quoting *Jones v. Niagara Frontier Transportation Authority*, 722 F.2d 20, 22 (2d Cir. 1983)). Courts in this district have required hybrid corporate and partnership forms to appear

through counsel as well.  *See Eagle Prop. Group LLC v. Urban P'ship Bank*, No. 18-cv-10824, 2018 U.S. Dist. LEXIS 219345, *6 (E.D. Mich. Oct. 9, 2018), *report and recommendation adopted sub nom. Eagle Prop. Grp. LLC v. Urban P'ship Bank*, No. 18-cv-10824, 2019 U.S. Dist. LEXIS 6912 (E.D. Mich. Jan. 15, 2019); *see also Van Lokeren v. City of Grosse Pointe Park, Mich.*, No. 13-14291, 2014 U.S. Dist. LEXIS 32376 (E.D. Mich. Mar. 13, 2014).

Accordingly, Defendant Multimedia is hereby ORDERED to obtain counsel by August 1, 2022.

IT IS FURTHER ORDERED that the parties appear for a August 4, 2022, at 2:00 p.m.. status conference at the Theodore Levin Courthouse, Courtroom 761, in Detroit Michigan.  Defendant Multimedia is hereby advised that failure to obtain counsel may result in the entry of default judgment against Defendant Multimedia.

IT IS FURTHER ORDERED that non-party Jason Goodman may not represent Multimedia in these proceedings and he is precluded from submitting filings in this case using the *pro se* portal.

IT IS FURTHER ORDERED that ECF Nos. 25, 28, 31, 34-39, 40, 42, 43, 45 are STRICKEN.

Dated:  July 20, 2022          /s/ Gershwin A. Drain
                               GERSHWIN A. DRAIN
                               UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 20, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager