UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division

D. G. Sweigert,

                        Plaintiff,

   -against-                      **Case 2:22-cv-10642-GAD-KGA**

MULTIMEDIA SYSTEM
DESIGN, INC.
d/b/a/
Crowdsource The Truth

                        Defendant.

---

Plaintiff
D. G. SWEIGERT, C/O
PMB 13339
514 Americas Way,
Box Elder, SD 57719
Spoliation-notice@mailbox.org

Defendant
MULTIMEDIA SYSTEM DESIGN, INC
252 7th Avenue, Suite 6S
New York, N.T. 10001
(323)-744-7594
truth@crowdsourcethetruth.org

---

**EXHIBIT TWO FOR STATUS CONFERENCE 8/4/2022**

---

*[signature: D. Swt]*

**July 23, 2022**

**D. G. SWEIGERT, C/O**
**PMB 13339**
**514 Americas Way**
**Box Elder, SD 57719**
**Spoliation-notice@mailbox.org**

## EXHIBIT TWO FOR STATUS CONFERENCE 8/4/2022

NOW COMES D. GEORGE SWEIGERT, *pro se* non-attorney and provides the legal order by Judge Valerie E. Caproni.

Respectfully submitted on July 23, 2022.

*D. Sgt*

**D. G. SWEIGERT, C/O**
**PMB 13339**
**514 Americas Way**
**Box Elder, SD 57719**
**Spoliation-notice@mailbox.org**

## CERTIFICATE OF SERVICE

I, hereby certify, under penalties of perjury, that a true copy of the accompanying documents has been filed electronically forwarded with pdf copies to all parties listed below on July 21, 2022.

Jason Goodman, CEO
truth@crowdsourcethetruth.org

ODYSEE HOLDINGS, INC.
julian@odysee.com
LBRY, INC. josh@lbry.io

*D. Sgt*

**D. G. SWEIGERT, C/O**
**PMB 13339**
**514 Americas Way,**
**Box Elder, SD 57719**

Application DENIED.

To intervene as of right under Federal Rule of Civil Procedure 24(a), the purported intervenor must, *inter alia*, make a timely motion and show that his interest is not adequately represented by the parties already involved in the action. *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 69 (2d Cir. 1994). Mr. Goodman's motion, filed one year and five months after this lawsuit was commenced, is not timely, and no new information Mr. Goodman presents renders it so. Further, as Mr. Goodman admits that he is Defendant's "sole owner and employee," his interests are already adequately represented in the suit. *See supra* at 8; *see also supra* at 1 ("MSD is a Corporation wholly owned by Goodman and he was its only employee throughout 2020, 2021 and 2022."). Defendant's inability now to retain counsel does not alter that fact.

To intervene permissively under Rule 24(b), a party must have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Intervention, however, cannot be used to "inject collateral issues into an existing action," and the Court has broad discretion to deny an applicant's motion for permissive intervention. *See New York News, Inc. v. Kheel*, 972 F.2d 482, 486–87 (2d Cir. 1992). Mr. Goodman has already filed a separate lawsuit alleging many of the claims he makes here. *See Goodman v. Sharp et al.*, No. 21-cv-10627. These claims are best addressed in that litigation, not in this matter at such a late stage.

The Clerk of Court is respectfully directed to mail a copy of this Order to Jason Goodman at: 252 7th Avenue #6s, New York, NY 10001.

SO ORDERED.

*Valerie Caproni*   2/4/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE