(8)

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DAVID GEORGE SWEIGERT<br>Plaintiff,<br>vs.<br>MULTIMEDIA SYSTEM DESIGN, INC. D/B/A<br>CROWDSOURCE THE TRUTH<br>ODYSEE HOLDINGS, INC.<br>LBRY, INC.<br>Defendants | Case 2:22-cv-10642-GAD-EAS<br>**OBJECTION TO ORDER PRECLUDING NON-PARTY JASON GOODMAN FROM USING THE PRO SE PORTAL** |

FILED
JUL 25 2022
CLERK'S OFFICE
DETROIT

Non-party Jason Goodman ("Goodman") comes now by and for himself pro se to respectfully object to aspects of the Court's Order at ECF No. 46 precluding non-party Jason Goodman from using the pro se portal. Goodman responds pro se by and for himself on his own behalf because the order is directed at Goodman personally.

Signed this 23rd day of July 2022

Respectfully submitted,

Jason Goodman, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

**CERTIFICATE OF SERVICE**

I, hereby certify, under penalties of perjury, that a true copy of the accompanying document has been filed via FedEx and served upon the parties below via USPS and email on July 23, 2022.

David George Sweigert
AMERICA'S RV MAILBOX, PMB 13339
514 Americas Way
Box Elder SD 57719

ODYSEE HOLDINGS, INC. julian@odysee.com
LBRY, INC. josh@lbry.io

Signed this 23rd day of July 2022

Respectfully submitted,

Jason Goodman, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

OBJECTION TO ORDER PRECLUDING NON-PARTY JASON GOODMAN FROM USING THE PRO SE PORTAL - 2

## INTRODUCTION

At the outset, Goodman offers a sincere apology for a filing attempted in good faith but in error on July 22, 2022, via the pro se portal. At the time of the filing Goodman misunderstood the order to mean only pro se filings on behalf of the corporation were disallowed. After speaking with Operations Supervisor Julie Owens ("Owens") and further review of the order, Goodman now understands he is completely denied access to the pro se filing portal even for filings made on his own behalf such as the motion to intervene attempted on July 22. With the correct understanding of the Court's order Goodman comes now to object to this unjust and illegal obstruction of his right to meaningful and fair access to the public resources of the Court.

## BACKGROUND

This is not the first time Judge Drain has exceeded his judicial mandate and violated the doctrine of separation of powers by attempting to police Goodman's lawful right to contact U.S. Government employees in their capacities as officers of the Court. Goodman made legitimate inquiries into multiple, serious "errors" on the ECF docket. Evidence now stricken from the record is likely to prove these errors represent egregious malpractice at least, and more likely intentional fraud. Rather than investigate well-founded claims and observable evidence on its own docket, the Court has chosen to restrict Goodman's access to its public facilities. The Court ironically cites Bischoff v. Waldore, 660 F. Supp. 2d 815 (E.D. Mich. 2009) (quoting Jones v. Niagara Frontier Transportation Authority, 722 F.2d 20, 22 (2d Cir. 1983)) in discussing its desire to "to avoid litigating unfounded or vexatious claims". This instant action is nothing more than precisely that, sham litigation, brought by the perpetually vexatious David George Sweigert ("Sweigert") for the sole purpose of harassing Goodman and subjecting him to severe financial

OBJECTION TO ORDER PRECLUDING NON-PARTY JASON GOODMAN FROM USING THE PRO SE PORTAL - 3

burden. Sweigert has openly stated his intent to sue Goodman for the rest of his life and has spent the last five years demonstrating his commitment to that promise. The Court allows itself to be made a mockery by granting a venue for the very "judicial gamesmanship" Sweigert was admonished for by the honorable Valerie Caproni only four months ago in the Southern District of New York. (*See* Sweigert v Goodman Case 1:18-cv-08653-VEC-SDA Document 383).

## GOODMAN DID NOT ENGAGE IN HARASSMENT

The Court's order restates defamatory and false claims that Goodman made "harassing phone calls to Court personnel". Michigan Penal Code 750.411h(3) specifically states "Harassment does not include constitutionally protected activity or conduct that serves a legitimate purpose." At the time of the phone calls, Goodman was unaware his pro se filings were improperly before the Court because they were being entered on the ECF docket. Goodman observed serious errors in filings on the ECF docket including the addition and removal of pages in filings and the deletion of critical evidentiary exhibits. Goodman's inquiries with clerks of the Court were made in good faith and based on observable evidence of serious errors in the filings. Goodman has only contacted Court personnel with legitimate purpose and well founded inquires. Goodman has never engaged in harassment or been charged with or convicted of harassment. The Court demonstrates bias against Goodman by defaming him with false allegations of harassment and false claims that he harassed Court personnel by telephone.

Goodman made one phone call to Richard Loury ("Loury") outside of Court hours on a publicly listed phone number. Goodman called to inquire why Loury's name appeared as the author of a second filing attributed to a pro se litigant who was not Loury. Loury accepted Goodman's call and voluntarily engaged in discussion. No follow up call has ever occurred, and

OBJECTION TO ORDER PRECLUDING NON-PARTY JASON GOODMAN FROM USING THE PRO SE PORTAL - 4

no harassment charge has been filed. Goodman's calls to Loury do not satisfy the elements of harassment in Michigan and were not made with harassing intent.

Separately, Goodman had made numerous attempts to speak with Court Administrator Kinkia Essix ("Essix"). Many messages over several days got no response. Goodman was frustrated by the inability to freely communicate with the Court Administrator about serious concerns of malpractice in the clerk's office. With no other option, Goodman looked up her phone number on a public website and called a number attributed to Essix, reaching her husband who voluntarily engaged in polite conversation. He forwarded the message from Goodman, and Essix responded. Essix stated that she would begin an investigation into Goodman's claims and would respond once complete. Months later, Goodman placed a second phone call to the Court, when asked to speak with Essix, the Court connected Goodman to Essix's personal mobile phone. She told Goodman she was at the airport and had found nothing in her investigation, so she decided not to respond. No further calls have been placed to Essix.

On January 19, 2022, Teresa McGovern ("McGovern") sent Goodman an email in which she stated, "If you have any questions or concerns, please do not hesitate to contact me." Taking her up on her standing offer, Goodman contacted McGovern with serious concerns and well-founded questions about observable evidence of malpractice in the clerk's office that raised suspicion of malintent and fraud. McGovern voluntarily engaged in conversation but interrupted frequently to contradict and deny virtually everything Goodman said, claiming observable evidence pertaining to dates and times of official filings were merely matters of Goodman's opinion. Goodman contacted McGovern with good faith to make well founded inquiries into evidence of malpractice on the Court's own docket. McGovern refused to consider the evidence.

OBJECTION TO ORDER PRECLUDING NON-PARTY JASON GOODMAN FROM USING THE PRO SE PORTAL - 5

All other calls to Court personnel took place over phone numbers published to the public on the Court's website. Goodman is within his rights to call Court personnel with well-founded inquiries into evidence of serious errors that give rise to suspicion of deliberate fraud. If justice is to be served in this matter, well founded claims of serious frequent errors and suspicion of fraud should be immediately and thoroughly investigated, not stricken from the record.

## THE COURT SHOULD NOT RESTRICT MEANINGFUL ACCESS

The Court has ruled that Goodman's improper filings on behalf of Multimedia System Design Inc. ("Multimedia") and other things should prevent him from accessing the pro se filing portal. This is an unjust infringement on Goodman's right to meaningful access to the Court and an unfair sanction to place on Goodman as a pro se movant. Goodman incorrectly believed that a pro se response would be valid because Plaintiff's facially implausible claim was made against an improperly named, uninvolved, dormant corporate entity. Goodman attempted to correct this with a pro se motion to intervene. Restricting Goodman's access to the pro se filing portal puts time and financial burdens on him that reduce his access to the Court unjustly favoring Plaintiff.

## THE COURT SHOULD VACTE ITS ORDER ENTIRELY

Concurrent with this Objection, Goodman has filed a pro se Motion to Intervene. He respectfully moves the Court to vacate the Order at ECF No. 46 and grant the Motion to Intervene and Motion to Substitute Real Party at Interest so Plaintiff and the proper Defendant can adjudicate this matter on its merits rather than resort to an unfair and improper forced default. The claims in the Amended Complaint are not facially plausible because a dormant corporate entity cannot make statements or post videos, only a natural person can. Even during the period in which it was active, Multimedia has never had ownership of, any claim to, or any

OBJECTION TO ORDER PRECLUDING NON-PARTY JASON GOODMAN FROM USING THE PRO SE PORTAL - 6

direction over statements or intellectual property created and published by Goodman that are the source of Plaintiff's claims. Plaintiff has selected this dormant, uninvolved corporate entity as a component of his "judicial gamesmanship" knowing it would force Goodman to endure an intractable financial burden and deny him the appropriate right to pro se defense. The claims in the Amended Complaint are not facially plausible and should not be accepted as true.

## CONCLUSION

For the reasons stated herein, the Court should vacate the Order at ECF No. 46 and restore Goodman's access to the electronic pro se filing internet portal.

Signed this 23rd day of July 2022

Respectfully submitted,

_____
Jason Goodman, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

OBJECTION TO ORDER PRECLUDING NON-PARTY JASON GOODMAN FROM USING THE PRO SE PORTAL - 7






Extremely Urgent

ORIGIN ID:TSSA (323) 744-7594
JASON GOODMAN
252 7TH AVENUE
NEW YORK, NY 10001
UNITED STATES US

SHIP DATE: 23JUL22
ACTWGT: 1.00 LB
CAD: 3250684/INET4490

BILL SENDER

TO JULIE OWENS OPERATIONS SUPERVISOR
U.S. DISTRICT COURT MIED
231 W. LAFAYETTE, 5TH FL
CLERK'S OFFICE
DETROIT MI 48226
(313) 234-5041

MON - 25 JUL 10:30A
PRIORITY OVERNIGHT

TRK# 7774 6664 8955
0201

XN DTWA

48226
MI-US DTW