IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DAVID GEORGE SWEIGERT<br><br>Plaintiff,<br><br>vs.<br><br>MULTIMEDIA SYSTEM DESIGN, INC.<br>D/B/A<br><br>CROWDSOURCE THE TRUTH<br><br>ODYSEE HOLDINGS, INC.<br><br>LBRY, INC.<br><br>Defendants | Case 2:22-cv-10642-GAD-EAS<br><br>**MOTION TO INTERVENE AS DEFENDANT** |



Pursuant to Federal Rule of Civil Procedure 24, Jason Goodman by and for himself pro se ("Goodman" or "proposed intervenor") hereby moves to intervene as Defendant. Goodman satisfies the requirements for intervention as of right under Fed. R. Civ. P. 24(a) having a significant, protectable interest in the intellectual property at controversy in this case. This motion is timely and will not prejudice existing parties' rights. Importantly, the Defendant Multimedia System Design, Inc. ("Multimedia") does not adequately represent Proposed Intervenors' interests. Multimedia is currently an active, dormant New York Corporation. It is in good standing with the Secretary of State but has no employees and is not currently engaged in any business activity. While it is true Goodman is the owner of Multimedia and was formerly employed as its CEO he is not now and was not at any time during this instant action. Plaintiff Sweigert relies on two-year-old litigation and four year old filings with the USPTO to attempt to draw links between actions taken

MOTION TO INTERVENE AS DEFENDANT - 1

independently by Goodman and a dormant, unrelated corporation owned by Goodman. Plaintiff captioned his initial complaint Sweigert v Goodman because all his claims are claims against Goodman. Plaintiff seized on the opportunity to engage in the very "judicial gamesmanship" he was warned against by the Honorable Valerie Caproni in March of 2022. (*See* Sweigert v Goodman Case 1:18-cv-08653-VEC-SDA ECF No. 383 page 4)

By suing the dormant unrelated Multimedia, Sweigert intends to impose immediate and undue financial burden on Goodman and to complicate and delay this litigation by compelling Goodman to retain counsel so his unrelated corporation would be forced to endure Sweigert's sham litigation. Even if the court were to find the corporation somehow responsible or complicit in Goodman's independent actions unrelated in any way to his role as former CEO, the corporation is presently unable to hire Goodman or any other individual to be its CEO and therefore has no chief executive or other resources with which to hire an attorney to defend itself. Multimedia is unable to adequately protect Goodman's interests. Even during the time Goodman was employed as the CEO of Multimedia, the corporation had no ownership of any videos, social media posts, or other intellectual property including Amicus Curiae briefs created and owned by Goodman. Motion picture productions are the intellectual property of their creator, the director or producer. Without a work for hire contract or other transfer of ownership agreement, no corporation can claim to own the intellectual property that is created by Goodman. All video and other social media post referenced in the Amended Complaint were created by Goodman and were never the property of Multimedia and were not created at the direction of Multimeida. Sweigert is merely suing Multimedia for things that Goodman did so he can impose an immediate

MOTION TO INTERVENE AS DEFENDANT - 2

financial penalty on Goodman or worse, if Goodman is unable to hire an attorney, force a default. Courts generally favor deciding disputes on their merits rather than by default and justice would be best served toward this end by the proposed intervention.

If the Court declines to grant Goodman intervention as of right, he alternatively requests he be allowed to intervene permissively under Fed. R. Civ. P. 24(b). Intervention will not unduly delay or prejudice adjudication of the rights of original parties. Goodman has a substantial interest in the issues at stake in this case. The video posts are his intellectual property, not that of Multimedia and the Amicus Brief which Judge Drain's order cites as the trigger event that started this litigation was written by Goodman on behalf of Goodman having nothing at all to do with Multimedia. Goodman's claims and defenses to this action have questions of law and fact that are common to the original action.

Additionally, without Proposed Intervenor, this litigation would be unfairly and dramatically tipped in Plaintiff's favor particularly given the unreasonably short time allowed by the Court for an out of state litigant to retain counsel. It would serve justice to allow Goodman to defend Goodman's own rights and intellectual property and it would be antithetical to the service of justice to allow Sweigert to continue to engage in the very judicial gamesmanship judge Caproni admonished him for attempting in her Court.

Filed in support of this motion:

1. Memorandum of Law in support of this Motion
2. pursuant to Fed. R. Civ. P. 24(c), a Motion to substitute real party at interest and stay proceedings pending an investigation of malpractice in the clerk's office

MOTION TO INTERVENE AS DEFENDANT - 3

WHEREFORE, Proposed Intervenor respectfully requests that this Court grant this Motion to Intervene.

Signed this 23rd day of July 2022

Respectfully submitted,

_____
Jason Goodman, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

**CERTIFICATE OF SERVICE**

I, hereby certify, under penalties of perjury, that a true copy of the accompanying document has been filed via FedEx and served upon the parties below via USPS and email on July 23, 2022.

David George Sweigert
AMERICA'S RV MAILBOX, PMB 13339
514 Americas Way
Box Elder SD 57719

ODYSEE HOLDINGS, INC. julian@odysee.com
LBRY, INC. josh@lbry.io
Signed this 23rd day of July 2022

Respectfully submitted,

_____
Jason Goodman, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

MOTION TO INTERVENE AS DEFENDANT - 4

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

| DAVID GEORGE SWEIGERT | Case 2:22-cv-10642-GAD-EAS |
|---|---|
| Plaintiff, | |
| vs. | **MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANT** |
| MULTIMEDIA SYSTEM DESIGN, INC. D/B/A | |
| CROWDSOURCE THE TRUTH | |
| ODYSEE HOLDINGS, INC. | |
| LBRY, INC. | |
| Defendants | |

PROPOSED INTERVENOR JASON GOODMAN PRO SE

**CERTIFICATE OF SERVICE**

I, hereby certify, under penalties of perjury, that a true copy of the accompanying document has been filed via Fedex and served upon the parties below via USPS and email on July 23, 2022.

David George Sweigert
AMERICA'S RV MAILBOX, PMB 13339
514 Americas Way
Box Elder SD 5771

ODYSEE HOLDINGS, INC. julian@odysee.com
LBRY, INC. josh@lbry.io

Jason Goodman, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANT - 1

# INTRODUCTION

Federal courts have the inherent power and broad latitude to construe motions for intervention "in favor of potential intervenors." Purnell v. City of Akron, 925 F.2d 941, 950 (6th Cir. 1991). The issue in this case is whether it would serve justice to allow a plaintiff to abuse the civil justice system in a continuous and ongoing manner for more than five years for no other reason than to cause spiteful injury and financial harm or to adjudicate a matter on the merit of the pleadings with the real parties at interest on equal footing. Goodman respectfully moves this Court for leave to intervene as of right under Rule 24(a)(2), or in the alternative, permissively under Rule 24(b)(1). A decision from this Court could potentially harm Goodman's substantial interest in a dormant New York Corporation that has no employees, no chief executive, and no means to defend itself. Goodman's participation in this case will not prejudice existing parties, justice would be best served if the Court would grant the motion to intervene.

# BACKGROUND

## I. INTERVENOR APPLICANT

Jason Goodman ("Goodman") is a documentary filmmaker, journalist and talk show host of the popular social media property Crowdsource the Truth. Crowdsource the Truth is a brand name only and not a corporate entity. Separately, Goodman owns an active, dormant New York Corporation Multimedia System Design, Inc. ("Multimedia"). Goodman was employed as CEO of Multimedia System Design from July 1993 through February 2022. Multimedia ceased operation at that time and remains in good standing with the Secretary of State of New York. It has no employees, and it is not involved in any business activity. There is no "work for hire" agreement between Goodman and Multimedia. There is no intellectual property ("IP") sharing agreement between Goodman and Multimedia. Goodman is the sole and

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANT - 2

exclusive owner of the IP including all videos, social media posts and court filings including the Amicus Curiae brief cited in the Amended Complaint.

## II.   PROCEDURAL HISTORY

While this instant action remains in its infancy, the Court would be remiss to overlook the litigation history between Sweigert and Goodman. Goodman has never met Sweigert and had never heard of him before 2017. Sweigert has publicly proclaimed his goal to sue Goodman "for the rest of his life" and has spent the last five years demonstrating his commitment to that promise. Sweigert has been admonished by multiple federal judges for his duplicative, incoherent, and inappropriate pleadings. Sweigert has developed a pattern and practice of bringing vexation action against Goodman, and then voluntarily withdrawing claims just at the moment of trial only to bring identical claims in an alternate venue. (*See* Sweigert v Goodman Case 1:18-cv-08653-VEC-SDA ECF No. 383)

## ARGUMENT

### I.   Goodman is entitled to intervene as a matter of right.

Federal Rule Civil Procedure 24(a)(2) states the "court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposition of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Generally, "a person cannot be deprived of his or her legal rights in a proceeding to which such a person is neither a party nor summoned to appear in the legal proceeding." Jansen v. Cincinnati, 904 F.2d 336, 340 (6th Cir. 1990). Therefore, "the need to settle claims among a disparate group of affected persons militates in favor of intervention." Id.

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANT - 3

The Sixth Circuit has held that Rule 24(a)'s requirements are satisfied if: (1) the application was timely filed; (2) the applicant possesses a substantial legal interest in the case; (3) the applicant's ability to protect its interest will be impaired without intervention; and (4) the existing parties will not adequately represent the applicant's interest. See Blount-Hill v. Zelman, 636 F.3d 278, 283 (6th Cir. 2011). Each of these elements must be satisfied, but Rule 24 should be "broadly construed in favor of potential intervenors." Purnell, 925 F.2d at 950. Goodman satisfies all four elements necessary for intervention as of right under Rule 24(a).

### A. Goodman's Motion has been timely filed.

Rule 24 requires that a party timely move for intervention whether by right or permission. Fed. R. Civ. P. 24(a)-(b); see also NAACP v. New York, 413 U.S. 345, 366-69 (1973). The Sixth Circuit has set forth five factors for a trial court judge to utilize when determining whether a motion for intervention is timely:

1) the point to which the suit has progressed;

2) the purpose for which intervention is sought;

3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case;

4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and

5) the existence of unusual circumstances militating against or in favor of intervention. [Blount-Hill, 636 F.3d at 284.]

The "determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances." Stupak-Thrall v. Glickman, 226 F.3d 467, 472 (6th Cir. 2000).

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANT - 4

"The absolute measure of time between the filing of the complaint and the motion to intervene is one of the least important of these circumstances." Id. at 475

Goodman's Motion meets all five factors for timeliness. With regard to the first and third this proceeding has just begun, the Court has not yet issued a scheduling order and Goodman responded as soon as he became aware via defective service. The second factor weighs in favor of intervention. Goodman seeks to intervene to protect his rights and interests at controversy in this case, denying intervention would unduly burden Goodman and unfairly tip the balance dramatically in favor of a vexatious plaintiff. The judge has granted Goodman until August 1 to retain counsel for the Defendant so allowing Goodman to intervene prior to that date would not unduly delay proceedings or prejudice the rights of any existing party. The fifth factor weighs in favor of intervention. Sweigert's maniacal dedication to repeatedly suing Goodman for the same, defective, false, frivolous, and vexatious claims is absolutely an unusual circumstance. This judicial gamesmanship was characterized by the honorable Valerie Caproni in her order denying Sweigert's motion for reconsideration of his own voluntary withdrawal. It is difficult to imagine a person mustering the motivation to sue a someone they do not know continuously for more than five years and repeatedly drop the charges just as their "day in court" arrives. It would be antithetical to the service of justice to deny intervention and allow Sweigert's judicial gamesmanship to carry on in the Eastern District of Michigan.

**B. Goodman's substantial legal interests will be impaired without intervention**

Goodman has a substantial legal interest in this action. Demonstrating the existence of such an interest "is not an onerous task." Coal to Defend Affirmative Action v. Granholm, 240 F.R.D. 368, 375 (E.D. Mich. 2006). The Sixth Circuit has recognized a "rather expansive notion of the interest sufficient to invoke intervention of right." Mich. State AFL-CIO

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANT - 5

v. Miller, 103 F.3d 1240, 1245 (6th Cir. 1997). "For example, an intervenor need not have the same standing necessary to initiate a lawsuit:". Grutter v: Bollinger, 188 F.3d 394, 398 (6th Cir. 1999). Moreover, a putative intervenor is only required to show that it is "possible" that denial of intervention would impair its interests. N.E. Ohio Coal. for the Homeless v. Blackwell, 467 F.3d 999, 1007 (6th Cir. 2006). "This burden is minimal." Id.

The publications, social media posts, statements, and legal pleadings at issue in this instant action are all attributed to Goodman and were not made at the direction of Multimedia or executed in Goodman's capacity as former CEO of Multimedia. Judge Drain points out repeatedly in his order that Plaintiff cites Goodman in his Amended Complaint but avoids naming Goodman in the caption. Goodman is the real party at interest here and should be allowed to intervene to protect his substantial interests.

### C. Defendant will not adequately protect the Applicants' interests

Goodman's substantial interests may not be adequately protected by Defendant in this action. The burden to prove inadequacy of representation "should be treated as minimal" Trbovich v. United Mine Workers of America, 404 US 528, 538 n.10 (1972), because "it need only be shown that 'there is a potential for inadequate representation.'" United States v. Mich., 424 F.3d 438, 443 (6th Cir. 2005) (emphasis in original), quoting Grutter, 188 F.3d at 400

Multimedia is an active, dormant New York Corporation in good standing with the Secretary of State. Multimedia has no employees, no chief executive and is not currently engaged in any business activity. It has insufficient resources to hire counsel and is not able to adequately protect Goodman's interests in this matter.

For these reasons, it is sufficiently possible that Defendant will not adequately represent and protect Goodman's distinct substantial interests.

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANT - 6

II. In the alternative, the Court should grant permissive intervention

Should the Court deny Goodman intervention as of right, it should use its broad latitude and inherent power to grant Goodman permission to intervene because it would best serve justice in this matter. Rule 24(b)(1) provides that, "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." In deciding whether to allow a party to intervene, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). "So long as the motion for intervention is timely and there is at least one common question of law or fact, the balancing of undue delay, prejudice to the original parties, and any other relevant factors is reviewed for an abuse of discretion." League of Women Voters of Mich., 902 F.3d at 577.

Goodman satisfies all elements necessary for permissive intervention under Rule 24(b). First, Goodman's motion is timely. The Sixth Circuit uses the same five factors to determine the timeliness of a permissive-intervention motion as an intervention-as-of-right motion. See Stotts v. Memphis Fire Dep't, 679 F.2d 579, 582 (6th Cir. 1982). Because this case has just begun, and for the other reasons stated above, Goodman has moved to intervene on a timely basis.

Second, Goodman seeks to assert defenses that share "common questions of law [and] fact" with Plaintiffs' action regarding allegations made in the Amended Complaint. Granting intervention will allow this Court to evaluate these claims during its process of arriving at legal decisions.

Third, allowing Goodman to intervene will neither delay this litigation nor prejudice the parties. See Fed. R. Civ. P. 24(b)(3). Goodman has filed this motion for leave to

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANT - 7

intervene before the Court has issued a scheduling order and before the preliminary status conference. This motion is accompanied by Goodman Motion to Substitute the Real Party at Interest, as required under Rule 24(c).

Because the rules that govern intervention are to be liberally construed in favor of intervenor applicants, and because Goodman's defenses raise common questions of law and fact with the claims already before the Court, and intervention will not result in undue delay or prejudice to the existing parties, this Court should grant Goodman's motion for permissive intervention.

## CONCLUSION

For the foregoing reasons, Goodman respectfully request that this Court grant his Motion to Intervene and permit them to intervene in this action as defendant.

Signed this 23rd day of July 2022

Respectfully submitted,

Jason Goodman, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE AS DEFENDANT - 8



FedEx shipping label:

- ORIGIN ID: TSSA (323) 744-7594
- JASON GOODMAN
- 252 7TH AVENUE
- NEW YORK, NY 10001
- UNITED STATES US
- SHIP DATE: 23JUL22
- ACTWGT: 1.00 LB
- CAD: 3250694/INET4490
- BILL SENDER

TO: JULIE OWENS OPERATIONS SUPERVISOR
U.S. DISTRICT COURT MIED
231 W. LAFAYETTE, 5TH FL
CLERK'S OFFICE
DETROIT MI 48226
(313) 234-5041

TRK# 7774 6664 8955

MON - 25 JUL 10:30A
PRIORITY OVERNIGHT

XN DTWA
48226 MI-US DTW

Extremely Urgent