UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D. G. SWEIGERT,

    Plaintiff,

    v.

MULTIMEDIA SYSTEM DESIGN, INC., ET AL,

    Defendants.
_____/

Case No. 22-cv-10642

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**ORDER DENYING PLAINTIFF'S MOTION FOR TELEPHONIC APPEARANCE [#48], DENYING NON-PARTY JASON GOODMAN'S MOTION TO INTERVENE [#52] AND DENYING NON-PARTY JASON GOODMAN'S MOTION TO SUBSTITUTE REAL PARTY AT INTEREST AND STAY PROCEEDINGS PENDING AN INVESTIGATION OF MALPRACTICE IN THE CLERK'S OFFICE [#53].**

On May 5, 2022, *pro se* Plaintiff D. G. Sweigert filed his Amended Complaint against Multimedia System Design, Inc., Odysee Holdings, Inc., and LBRY, Inc., (collectively, the "Defendants") alleging violations of state and federal law. *See* ECF No. 11. The allegations relate to filings the parties made in a prior matter, which the Court recounted in its July 20, 2022, order. *See* ECF No. 46. In that order, the Court scheduled a status conference for the parties and their counsel to appear in-person on August 4, 2022, at 2:00 p.m. ECF No. 46, PageID.399. The Court also precluded non-party Jason Goodman from filing documents on the Court's *pro se*

1

portal. *Id.* at PageID.401. Mr. Goodman is allegedly the sole shareholder of Defendants, and corporations must be represented by counsel.[1]

Presently before the Court is Plaintiff's July 21, 2022, Motion for Telephonic Appearance. ECF No. 48, PageID.421. Plaintiff resides in South Dakota and seeks "to appear by phone because he is presently providing daily care to a family member." ECF No. 48, PageID.421. The three-sentence Motion contains no declarations, exhibits, or other forms of evidence supporting good cause to appear at the August 4, 2022, status conference by telephone.

The Court will deny Plaintiff's Motion. His three-sentence Motion fails to establish good cause for a telephonic appearance. It contains no evidence supporting his claim of providing daily care to a family member. Plaintiff chose to prosecute his case in Michigan, he therefore must appear for court proceedings in Michigan. Failure to arrive for the August 4, 2022, status conference may result in dismissal of his case.

Likewise, Defendant corporations' failure to appear with counsel can result in an award of default judgment against them, should Plaintiff appear. *See Moorish Sci. Temple of Am. v. Michigan*, No. 14-cv-12166, 2014 U.S. Dist. LEXIS 81393

---

[1] Corporate defendants Odysee Holdings, Inc., and LBRY, Inc., have not been properly served with the Summons and a copy of Plaintiff's Amended Complaint. If these defendants are properly served with the Summons and Amended Complaint, then they must also obtain counsel from a licensed attorney to represent them in these proceedings.

(E.D. Mich. June 16, 2014) ("[C]ourts have uniformly held that 28 U.S.C. § 1654 … does not allow corporations … to appear in federal court otherwise than through a licensed attorney.") (quoting *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202–03 (1993)). Mr. Goodman has continued trying to file documents through improper channels. *See* ECF Nos. 52, 53. He seeks to intervene under Federal Rule of Civil Procedure 24(a)–(b) as a party at interest. ECF No. 52, PageID.451, 455.

In a recent case from the District of Maryland, the court rejected a *pro se* corporate officer's motion to intervene on his company's behalf under Rule 24. *See Luma v. Dib Funding, Inc.*, No. ELH-20-2504, 2022 U.S. Dist. LEXIS 10528, at *21 (D. Md. Jan. 19, 2022). The court interpreted the *pro se* litigant's request as a "thinly veiled attempt to circumvent the well established principle that" corporations must appear in federal court with counsel. *Id.* at *20. Indeed, all appellate courts that have considered the issue have reasoned similarly. *See, e.g.*, *M2 Technology, Inc. v. M2 Software, Inc.*, 589 F. App'x 671, 675 (5th Cir. 2014) (per curiam) (illustrating why a corporation's sole shareholder could not intervene on behalf of the corporation because doing so would "effectively nullify the well-established rule that in federal court, corporations must be represented by counsel"); *Motionless Keyboard Co. v. Microsoft Corp.*, 184 F. App'x 967, 968–69 (Fed. Cir. 2006) (per curiam) (construing a corporation's controlling shareholder's motion to intervene in a suit

3

against the corporation "as an attempted end run around section 1654"); *Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 568–69 (2d Cir. 2000) (rejecting a corporation's sole officer's motion to intervene because the connection between the corporation and officer was "so intimate" that the officer's intervention was "in effect an effort to enable [the corporation] to appear without counsel"); *United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) ("To allow a sole shareholder with interests identical to the corporation's to intervene under such circumstances, rather than hire corporate counsel, would eviscerate section 1654."). Courts have consistently rejected *pro se* litigants' motions to intervene on their corporations' behalf.

The Court will deny Mr. Goodman's Motion to Intervene. Mr. Goodman accepted service of process on Defendant Multimedia's behalf as its corporate representative on June 15, 2022. *See* ECF No. 19, PageID.208. He is the only corporate shareholder of Defendants. Permitting his *pro se* intervention would nullify section 1654's requirement that corporations retain counsel in federal court. Mr. Goodman presents no authority suggesting otherwise. The Court will therefore deny Mr. Goodman's Motion to Intervene. He may still mail documents to the Court, but as the undersigned previously explained, Mr. Goodman is precluded from filing documents through the *pro se* portal. ECF No. 46, PageID.401.

Accordingly, the Court will **DENY** Plaintiff's Motion for Telephonic Appearance [#48] and **DENY** non-party Jason Goodman's Motion to Intervene [#52]. The Court will also **DENY** Jason Goodman's Motion to Substitute Real Party at Interest and Stay Proceedings Pending an Investigation of Malpractice in the Clerk's Office [#53] without prejudice. The Court may entertain Mr. Goodman's Motion to Substitute if it were brought by counsel.

**IT IS SO ORDERED.**

Dated: July 26, 2022          /s/ Gershwin A. Drain
                              GERSHWIN A. DRAIN
                              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 26, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager