IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DAVID GEORGE SWEIGERT | Case 2:22-cv-10642-GAD-EAS |
| Plaintiff, | |
| vs. | **MOTION FOR RECONSIDERATION** |
| MULTIMEDIA SYSTEM DESIGN, INC. D/B/A | |
| CROWDSOURCE THE TRUTH | |
| ODYSEE HOLDINGS, INC. | |
| LBRY, INC. | |
| Defendants | |

For the reasons set forth in the concurrently filed memo in support of this Motion, Pro Se Intervenor Applicant Jason Goodman comes now, by and for himself on his own behalf to respectful request the Court reconsider its order denying the motion to intervene.

Signed this 26th day of July 2022

Respectfully submitted,

_____

Jason Goodman, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

MOTION FOR RECONSIDERATION - 1

**CERTIFICATE OF SERVICE**

I, hereby certify, under penalties of perjury, that a true copy of the accompanying document has been filed via FedEx and served upon the parties below via USPS and email on July 26, 2022.


David George Sweigert
AMERICA'S RV MAILBOX, PMB 13339
514 Americas Way
Box Elder SD 57719

ODYSEE HOLDINGS, INC. julian@odysee.com
LBRY, INC. josh@lbry.io
Signed this 26th day of July 2022

Respectfully submitted,

 

 

_____
Jason Goodman, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

MOTION FOR RECONSIDERATION - 2

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DAVID GEORGE SWEIGERT<br><br>       Plaintiff,<br><br>vs.<br><br>MULTIMEDIA SYSTEM DESIGN, INC. D/B/A<br><br>CROWDSOURCE THE TRUTH<br><br>ODYSEE HOLDINGS, INC.<br><br>LBRY, INC.<br><br>       Defendants | Case 2:22-cv-10642-GAD-EAS<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION** |

INTERVENOR APPLICANT JASON GOODMAN'S MEMORANDUM IN SUPPORT OF

THE MOTION FOR RECONSIDERATION

       Pro se intervenor applicant Jason Goodman ("Goodman") comes now by

and for himself on his own behalf to provide this memorandum in support of the motion for

reconsideration.

Signed this 26th day of July 2022

Respectfully submitted,

_____

Jason Goodman, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION - 1

**INTRODUCTION**

It is widely held that motions for reconsideration, especially those filed by pro se litigants, are looked upon unfavorably by the Court. Indeed, a mere rehashing of facts or a statement of a movant's dissatisfaction with a duly adjudicated outcome is never appropriate. Moving the Court to review a carefully considered conclusion is not a step to be taken lightly, and that is not done so here. Respectfully, however, the Court has relied upon case law and facts that are incongruent with the fact pattern in this instant action and as such, the Court's conclusion does not apply in this case and must be reconsidered to grant Goodman intervention by right.

To have a motion for reconsideration favorably evaluated by the Court, the moving party must (1) file its motion on time, 1 and (2) satisfy certain minimum standards for review. Sutherland v. Mizer, 2007 WL 3197185, at *1 (E.D. Mich. Oct. 26, 2007) (Exhibit 1). Those standards are set forth in E.D. Mich. LR 7.1: "The movant must not only demonstrate a palpable defect by the which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1 (h)(3); Betts v. Costco Wholesale Corp., 2008 WL 94668, at *1 (E.D. Mich. Jan. 9, 2008) (Exhibit 2). A "palpable defect" is an error which is obvious, clear, unmistakable, manifest, or plain. Fleck v. Titan Tire Corp., 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). There are such palpable defects here.

In each case cited by the Court in its denial of the motion, the corporate entity being sued was a going concern with assets, officers, and employees. This does not match the fact pattern in this case and as such, the cited case law cannot apply. The unique aspect of this case, where Goodman is not an employee of the corporate defendant and was not at any time during this instant action, must be considered and does not match any existing case law cited by the Court. In this case, a deceptive, vexatious litigant who has engaged in fraud on this court in the recent

MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION - 2

past has leveled facially implausible claims that the Court wrongfully accepts as true. Plaintiff must be compelled to provide evidence to substantiate the claim that Goodman is an employee of the corporate defendant, which plaintiff will fail to do.

Judge Drain's refusal to accept and acknowledge irrefutable evidence of malpractice by the clerks that is likely to prove criminal wrongdoing can no longer be ignored. Judge Drain has taken extraordinary steps to block and ignore this evidence of devastating criminal activity that has prevented Goodman from accessing justice at the Court.

In what can only be construed as protecting the clerks by obstructing the evidence, Judge Drain continues to violate Goodman's First Amendment rights by brazenly attempting to police his telephone interactions with members of the public and public servants, as well as diabolically disrupting Goodman's right to access the Court. Judge Drain has wrongfully imposed an onerous monetary and temporal fine on Goodman forcing him to use US mail or Federal Express to file while the vexatious Plaintiff and every other member of the public retain ready access to the free and instant Pro Se Electronic Filing portal provided by the Court. It cannot be overlooked that the very electronic filing process Judge Drain has illegally barred Goodman from accessing is itself a component of what Goodman has alleged are criminal acts by Richard Loury ("Loury"), the Plaintiff in this instant action and other parties.

## BACKGROUND

The Court is aware that Plaintiff David George Sweigert ("Sweigert") is a vexatious litigant who has repeatedly sued Goodman with defective claims for the past five years. Sweigert has voluntarily dismissed two lawsuits against Goodman. On both occasions the withdrawal occurred just as the Plaintiff was about to have his "day in court". On information and belief, Goodman alleges this pattern and practice is not a coincidence but rather a planned

MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION - 3

outcome. Swigert's intention is to merely harass and torment Goodman with expensive and time consuming, frivolous, and vexatious litigation. Sweigert has repeatedly demonstrated that he has no legitimate injury and no legitimate intent to cure any. Sweigert is adept at forming claims and fabricating legal action to financially abuse Goodman at the expense of the U.S. District Court system. Judge Drain's compliance with this gross abuse cannot continue. On March 1, 2022, Plaintiff voluntarily withdrew Sweigert v Goodman (See 1:18-cv-08653-VEC-SDA Document 381). Displaying his intention to renew the same defective claims in this instant action only days later, Sweigert immediately moved the Court to reconsider its dismal with prejudice. This outrageous motion drew the ire of Judge Valerie Caproni who admonished Sweigert, informing him that his attempts at "judicial gamesmanship" would not be tolerated. **(EXHIBIT A)**

Sweigert and his brother George Webb Sweigert ("Webb") who is also familiar to this Court, wasted no time in bringing new vexatious action against Goodman. Sweigert v Goodman Case 2:22-cv-10002-GAD-KGA was transferred by Judge Drain to the Southern District of New York on April 1, 2022. Not satisfied with just one lawsuit against Goodman and relying on the classic military strategy of a "pincer attack" Sweigert also filed this instant action with the Court on March 25, 2022. Goodman was not an employee of Multimedia System Design, INC., ("Multimedia") at any time during this instant action. Even during the time of his employment as CEO, Multimedia did not have control over, or ownership of creative works or legal filings made by Goodman. The notion that Goodman could make legal filings on behalf of Multimedia defies the very doctrine the Court relies upon in blocking Goodman from mounting his own defense now and demonstrates that Plaintiff's claims are facially implausible. Multimedia has not had any employees, officers, or business activity at any time during this instant action.

MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION - 4

Shortly after the transfer to SDNY, the honorable BARBARA MOSES, U.S Magistrate Judge scheduled a pre-trial conference. Prior to the conference, Webb made an improper ex parte communication, requesting a telephonic conference (*See* Case 1:22-cv-02788-LGS-BCM ECF No. 69). This request echoes that of Sweigert's recent motion for telephonic conference in this instant action (ECF No. 48). When Judge Moses denied the request to appear telephonically, two schizophrenic motions followed immediately. The first nonsensical motion sought to transfer the venue back to the Eastern District of Michigan, where it had already been transferred from. (See Case 1:22-cv-02788-LGS-BCM Document 70). The second, was a voluntary dismissal that was quickly granted (*See* Case 1:22-cv-02788-LGS-BCM Document 71).

On information and belief, Goodman alleges both motions in that matter were ghostwritten and filed by Sweigert on behalf of Webb. The pattern and practice that was established in Sweigert v Cable News Network (Case 2:20-cv-12933-GAD-KGA) continues now with Judge Drain's tacit approval. Judge Drain makes a mockery not only of this honorable Court but of Judge Valerie Caproini as well by allowing Sweigert to continue his judicial gamesmanship despite her standing order. Judge Drain's refusal to examine evidence in the Court's possession that is likely to prove criminal malfeasance by the clerks can no longer be ignored. Judge Drain's insistence on blocking evidence, infringing Goodman's inalienable rights, and declining to investigate well founding claims make him complicit with malpractice. This gross display of bias should mandate recusal unless the Judge immediately reverses course and applies the Court's inherent power to examine wrongdoing by its own employees.

### CLEAR ERRORS IN ORDER DENYING INTERVENTION

To overlook drastic differences between cited case law and this instant action would be a clear error. In each case cited by the Court in the Order, the corporate litigants in question were

MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION - 5

going concerns with officers, executives, and ongoing business activity. This is not the case here. Multimedia is a dormant New York Corporation that has no bank account, no employees, no officers, no business activity, and no way to hire counsel to defend either itself or Goodman's interests. These important differences distinguish this from each case cited by the Court in its order. In Luma v. Dib Funding, Inc., as cited by the Court, CEO Adam Petty ("Petty") had first filed a motion seeking an extension of time to find an attorney, then filed a second motion for an additional extension of time. Only after failing to retain counsel and filing a motion to intervene that was not timely did the Court determine Petty's effort was a "thinly veiled attempt to circumvent the well established principle" related to representation of corporations. It is worth noting that Dib Funding, INC., remains active today and still lists Petty as its CEO, a distinction that differentiates this case. **(EXHIBIT B)**

Even if the Court disagrees with the above points, prior to ruling on any of Goodman's filings, the Court would have been well within the scope of its inherent power to recognize this sham litigation for what it is and to dismiss it sua sponte while declaring Sweigert a vexatious litigant. The record is replete with evidence sufficient to make such a finding and failure to do so is a clear demonstration of bias against Goodman and in favor of the Plaintiff.

The order also incorrectly states "Mr. Goodman has continued trying to file documents through improper channels. See ECF Nos. 52, 53". This is totally incorrect. Immediately upon arriving at a clear understanding of the prior illegal order, Goodman complied and sent ECF Nos. 52 and 53 by FedEx in compliance with the filing method ordered by the Court. In the Order denying intervention, the Court restates its previous illegal ruling that Goodman "may still mail documents to the Court, but as the undersigned previously explained, Mr. Goodman is precluded from filing documents through the pro se portal." ECF No. 52 and 53 were filed via Federal

MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION - 6

1    Express at enormous cost to Goodman, this is another palpable error in the Order mandating its

2    reconsideration.

3
        The Court has not cited a prior case in which a dormant corporation with no employees,
4
5    officers or assets was compelled to hire counsel. Multimedia is a dormant corporation that does

6    not employ Goodman and has no resources or internal corporate structure sufficient to defend its

7    own interests. Sweigert selected this defendant for a fraudulent purpose to harass and torment

8    Goodman and not to cure any legitimate injury. The Court should compel the Plaintiff to
9
     provide evidence to substantiate his facially implausible claims that a dormant corporation with
10
11   no officers or employees made statements and legal filings that only a natural person could

12   make. All evidence pertaining to the corporation in question as provided by the plaintiff is

13   several years old and does not support the facially implausible, already denied with prejudice

14   claims as stated in the Amended Complaint.
15
                                          **CONCLUSION**
16
17        For the reasons stated above, the Court must reconsider its previous order and correct the

18   clear errors before this matter can proceed. Goodman must be allowed to intervene by right

19   pursuant to Fed. R. Civ. P Rule 24(a)

20

21
     Signed this 26th day of July 2022
22
23   Respectfully submitted,

24                                                  _____
25                                                  Jason Goodman, Pro Se
                                                    252 7th Avenue Apt 6s
26                                                  New York, NY 10001
                                                    (323) 744-7594
27                                                  truth@crowdsourcethetruth.org

28

     MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION - 7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, hereby certify, under penalties of perjury, that a true copy of the accompanying document has been filed via FedEx and served upon the parties below via USPS and email on July 26, 2022.

David George Sweigert
AMERICA'S RV MAILBOX, PMB 13339
514 Americas Way
Box Elder SD 57719

ODYSEE HOLDINGS, INC. julian@odysee.com
LBRY, INC. josh@lbry.io
Signed this 26th day of July 2022

Respectfully submitted,

_____

Jason Goodman, Pro Se
252 7th Avenue Apt 6s
New York, NY 10001
(323) 744-7594
truth@crowdsourcethetruth.org

MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION - 8

**(EXHIBIT A)**

Mr. Sweigert's motion for reconsideration of the Court's orders dismissing his claims with prejudice is DENIED. After almost four years of litigation, 381 filings, and on the eve of trial, Mr. Sweigert voluntarily withdrew his claims in this action. *See* Mem. of Law, Dkt. 378 ("[W]ith this motion the Plaintiff surrenders all his claims with regards to defamation and defamation per se in favor of adjudication addressed by NYCRL Sec. 50 and 51."); Notice, Dkt. 380 ("[T]he pro se non-attorney Plaintiff hereby withdraws and surrenders all claims with regards to New York's Civil Rights Law (NYCRL) Section 50 and 51.").

"[I]f the plaintiff either moves for dismissal without prejudice or fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the [court's] discretion .... The trial court may grant a Rule 41(a) dismissal without prejudice or may require that the dismissal be with prejudice." *Corrado v. New York State Unified Ct. Sys.*, 698 F. App'x 36, 37 (2d Cir. 2017) (citing 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2367). Moreover, "[v]oluntary dismissal without prejudice is ... not a matter of right." *Id.* (quoting *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)).

The Court construed Mr. Sweigert's voluntary withdrawal of his claims as a request for dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Court found a dismissal with prejudice to be appropriate. Mr. Sweigert's claims were ripe for trial: multiple motions had been resolved, discovery had been completed, and the trial was scheduled. If the Court had dismissed Mr. Sweigert's claims without prejudice, he would be free to refile his claims in other courts and start the process from the beginning. If Mr. Sweigert truly wished to pursue his claims, he should have continued this case. The Court will not tolerate judicial gamesmanship; Mr. Sweigert does not get a judicial mulligan.

The Clerk of Court is respectfully directed to close the open motion at docket entry 382. The Clerk is further requested to mail a copy of this endorsement to the *pro se* Defendant and to note the mailing on the docket.

SO ORDERED.

Date: March 23, 2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

**(EXHIBIT B)**

**(EXHIBIT B)**

Learn how to leverage transparent company data at scale. Subscribe to our emails

# opencorporates ● ● ● ● ●

The Open Database Of The Corporate World

Company name or numb [illegible]

◉ Companies  ○ Officers

- Log in/Sign up

# DIB FUNDING INC

Company Number
    801989799
Previous Company Numbers

- 07278X

Incorporation Date
    19 January 2017 (over 5 years ago)
Company Type
    DOMESTIC PROFIT CORPORATION
Jurisdiction
    Michigan (US)
Registered Address

- 11565 EDGERTON AVE NE 1 ROCKFORD MI 49341
- United States

Agent Name
    ADAM T PETTY
Agent Address
    11565 EDGERTON AVE NE 1, ROCKFORD, MI, 49341
Directors / Officers

- ADAM PETTY, president
- ADAM PETTY, treasurer
- ADAM PETTY, secretary
- ADAM PETTY, director
- ADAM T PETTY, agent

## Recent filings for DIB FUNDING INC

11 Sep 2020
ANNUAL REPORT view

11 Sep 2020

◄ Insert shipping
document here.



ORIGIN ID:TSSA    (323) 744-7594
JASON GOODMAN

252 7TH AVENUE

NEW YORK, NY 10001
UNITED STATES US

SHIP DATE: 26JUL22
ACTWGT: 1.00 LB
CAD: 3250694/INET4490

BILL SENDER

TO   JULIE OWENS OPERATIONS SUPERVISOR
     U.S. DISTRICT COURT MIED
     231 W. LAFAYETTE, 5TH FL
     CLERK'S OFFICE
     DETROIT MI 48226
     (313) 234-5041      REF: MOTION FOR RECONSIDERATION
     INV:
     PO:                 DEPT:



FedEx
Express

E

WED - 27 JUL 10:30A
PRIORITY OVERNIGHT

TRK#
0201    7774 9231 2997

XN DTWA              48226
              MI-US  DTW



FedEx Express ®